**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:15-CV-00237-MR**

| | |
|---|---|
| **GOBLE MCGUIRE JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of Social Security** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for

Summary Judgment [Doc. 10], and the Defendant's Motion for Summary

Judgment [Doc. 12].

## I.      PROCEDURAL BACKGROUND

On May 17, 2012, the Plaintiff, Goble McGuire, Jr., filed an application

for disability insurance benefits, alleging an onset date of August 17, 2008.

[Transcript "T." 166].  The Plaintiff's application was denied initially and on

reconsideration.  [T. 122-133].  Upon Plaintiff's request, a hearing was held

on December 2, 2013, before an Administrative Law Judge ("ALJ").  [T. 44-

88].  Present at the hearing were the Plaintiff; Cynthia Strom, Plaintiff's

attorney; and a vocational expert ("VE").  [Id.].  On March 27, 2014, the ALJ

issued a decision wherein the ALJ concluded that the Plaintiff is not disabled

under the Act. [T. 30-38]. On August 11, 2015, the Appeals Council denied the Plaintiff's request for review [T. 1-3], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the reviewing Court should defer to the ALJ's decision so long as there is substantial evidence in the record to support the final decision below. Id. (internal quotation marks omitted).

## III.    THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2012). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p, 61 Fed. Reg. 34,474, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, August 17, 2008. [T. 32]. At step two, the ALJ found that the Plaintiff has severe medically determinable impairments including lumbago and back pain. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of

impairments that meets or medically equals the Listings. [T. 33]. The ALJ

then determined that the Plaintiff, notwithstanding his impairments, has the

RFC:

> [T]o perform light work[1] as defined in 20 CFR 404.1567(b) and 416.967(b) as follows: the claimant was capable of lifting and/or carrying objects weighing up to 10 pounds on a frequent basis and up to 20 pounds on an occasional basis; standing and/or walking up to 6 hours in an eight hour workday, and sitting (with normal breaks) for a total of up to six hours per eight-hour work day. The claimant was capable of frequent handling with the bilateral hands; could occasionally climb ladders, stoop, and would need to avoid concentrated exposure to hazards. The clamant could have had frequent interaction with the public, and could have formed unskilled work.

 [T. 33-34].

At step four, the ALJ found that Plaintiff can no longer perform his past

relevant work as a welder. [T. 36]. At step five, in response to the ALJ's

hypothetical, the VE testified that a person with the Plaintiff's same age,

education, experience, and RFC can perform representative jobs such as

"Small Parts Assembler," "Electrical Assembler," and "Nut and Bolt

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

Assembler." [T. 37]. Based upon this testimony, the ALJ found that jobs exist in significant numbers in the national economy that the Plaintiff can perform. [Id.]. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act. [T. 38].

## V. DISCUSSION[2]

In his Motion for Summary Judgment, the Plaintiff challenges the ALJ's decision to exclude depression from the Plaintiff's medically determinable impairments. [Doc. 10]. While not the model of clarity, Plaintiff appears to argue that the ALJ erred by failing to expressly consider certain evidence that is relevant to the Plaintiff's alleged depression. This oversight, Plaintiff contends, resulted in an incomplete or inaccurate assessment of the Plaintiff's impairments, and rendered infirm the ALJ's latter determinations which relied upon that flawed assessment. [Id.].

Relevant to the instant matter, at step two the ALJ must determine whether the claimant has one or more medically determinable impairments that are "severe" and which meet the "duration requirement." 20 C.F.R. § 1520(a)(4)(ii). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." Id. at 1520(c). An

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

impairment meets the duration requirement if it "is expected to result in death," or if it has lasted or is expected to last "for a continuous period of at least 12 months." 20 C.F.R. § 1509. The Regulations instruct ALJs to consider *all* of the record evidence in making these determinations. 20 C.F.R. § 1520(a)(3) (emphasis added). If the evidence is insufficient or inconsistent, the ALJ should resolve the insufficiency or inconsistency by weighing the relevant evidence or by seeking additional information. 20 C.F.R. § 1520b.

In the present case, the ALJ determined at step two that the Plaintiff's depression is not a severe medically determinable impairment. In her decision, the ALJ reasoned,

> although the claimant testified to having depression at the
> hearing, there is no evidence of treatment for depression during
> the period in question. Therefore, the claimant fails to establish
> that any of the alleged impairments are severe within the
> meaning of 20 C.F.R. 404.1521 and 416.921.

[T. 33]. To the contrary, however, the record *does* contain evidence of treatment for depression during the period in question, as well as a significant amount of additional relevant evidence on this issue, all of which the ALJ failed to consider.

The record indicates that the ALJ received evidence related to the Plaintiff's alleged depression from Paul Pumilia, M.D., Lori Heagney, M.S.,

L.P.C., James Kelling, M.D., Charles Buzzanell, M.D., and Leland Berkwits M.D. [T. 39-43]. Dr. Pumilia's records indicate that he prescribed the Plaintiff with antidepressant medication [T. 350]; noted "depression" in his assessment of the Plaintiff and documented "depression" as part of the Plaintiff's medical history [T. 346]; and twice noted, during the Plaintiff's alleged period of disability, that the Plaintiff's depression was responding well to his antidepressant medication [T 330, 332]. Lori Heagney, a licensed professional counselor, wrote that the Plaintiff "was diagnosed with Depressive Disorder, Not Otherwise Specified." [T. 425]. Certain records from Dr. Kelling include "depression" in the Plaintiff's past medical history, and "Zoloft" or "Setraline" in the Plaintiff's list of medications. [See, e.g., T. 379, 383, 387 ("Zoloft 100mg daily for anxiety and *depression*") (emphasis added)]. Dr. Buzzanell opined that the Plaintiff's "mental impairments" (no specific impairment was identified) resulted in moderate, moderately severe, and severe limitations. [T. 675]. Finally, Dr. Berkwits, whose opinion the ALJ gave great weight because "the examination was thorough and consistent with the evidence of record[,]" noted the Plaintiff's report that "his symptoms are relieved with zoma and Zoloft[,]" and included "Zoloft 100mg" in his list of the Plaintiff's medications. [T. 294]. This, of course, is evidence of treatment for depression.

In light of the foregoing evidence, this Court concludes that the ALJ erred in two respects.  First, the ALJ failed to apply the correct legal standard because she did not consider *all* relevant evidence in making her determination regarding the Plaintiff's alleged disability.  See 20 C.F.R. § 1520.  Second, by failing to expressly consider all relevant evidence, and particularly the contradictory evidence noted above, the ALJ failed to develop a record that is adequate for meaningful judicial review.  "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.  The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."  Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations omitted).

In her decision, the only basis the ALJ gives for her determination that the Plaintiff's depression is not severe is that there is "no evidence of treatment during the period in question."  This, however, is plainly belied by the record.  On two separate occasions during the Plaintiff's alleged period of disability, Dr. Pumilia recorded that the Plaintiff was taking sertraline for depression.  [T. 330, 332].  Thus, on the present record, this Court cannot conclude that substantial evidence supports the ALJ's ruling.

The Defendant does not dispute that the ALJ failed to expressly consider the above evidence.  Rather, the Defendant offers a number of justifications which the ALJ *could have used* to discount or discredit the above evidence *had she considered it*.  [See Doc. 13].  However, "[j]ust as it is not [the reviewing court's] province to 'reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ,' it is also not [the reviewing court's] province . . . to engage in these exercises in the first instance."  Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (quoting Hancock, 667 F.3d at 472) (internal citation omitted).  The matter must be remanded so that the ALJ may consider the overlooked evidence "in the first instance," and give *her own* explanation as to how she reached her conclusions.

As an additional assignment of error, the Plaintiff contends that the ALJ "failed to comply with the standards set out in Mascio."  [Doc. 10 at 14].  In support of this alleged error, the Plaintiff quotes Mascio for its holding that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'"  Mascio v. Colvin, 780 F.3d at 638 (4th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir.2011)).  This argument is plainly unrelated to the matter at hand.  In the

instant case, the ALJ determined that the Plaintiff does not have <u>any</u> mental impairments. Thus, the issue was whether the ALJ erred in overlooking a mental impairment entirely, not whether the ALJ failed to account for the full scope of limitations caused thereby.[3] This argument by the Plaintiff simply does not apply to the record he has presented to this Court.

## VI. CONCLUSION

Because the ALJ failed to expressly consider relevant and contradictory evidence, and failed to explain how she reached her decision regarding the Plaintiff's alleged depression, this Court cannot evaluate whether the ALJ applied the correct legal standards. Moreover, the Court concludes that substantial evidence fails to support her decision. Accordingly, the matter must be remanded for further proceedings. <u>See Radford</u>, 734 F.3d at 295.

## <u>O R D E R</u>

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 9] is **GRANTED**, and that the Defendant's Motion for Summary Judgment [Doc. 12] is **DENIED.** Pursuant to the power

---

[3] To the extent that Plaintiff attempts to weave any other legal arguments or errors into this assignment of error, the Court disregards those arguments, because the Court has repeatedly instructed counsel for the Plaintiff that each assignment of error must be separately set forth in the brief. <u>McClellan v. Astrue</u>, Civil No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, n. 2 (W.D.N.C. Oct. 28, 2013) (Howell, Mag. J.).

of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.  A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 27, 2017

Martin Reidinger
United States District Judge